## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| FRANCISCO MURO,<br><br>                    Plaintiff,<br><br>vs.<br><br>HDR TRUCKING, INC. AND DAVID HORAN<br><br>                    Defendants | CASE NO.<br><br>REMOVED FROM<br>HOPKINS COUNTY DISTRICT COURT<br>CAUSE NO. CV43369 |

## NOTICE OF REMOVAL FROM STATE COURT

COME NOW the Defendants, HDR Trucking, Inc. ("HDR") and David Horan, individually ("Mr. Horan") (collectively, the "Defendants"), by and through undersigned counsel, and remove the above-captioned action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446. Please note that the Defendants do not waive their right to move to dismiss all claims asserted by Plaintiff, or to challenge jurisdiction or venue, based on the Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(6) or other applicable law.

Defendants state the following as grounds for removal purposes only:

1.     Plaintiff, Francisco Muro ("Mr. Muro"), commenced a civil action against Defendants which is now pending in the District Court for Hopkins County, State of Texas, located at 118 Church Street, Sulphur Springs, Texas 75482, styled *Francisco Muro v. HDR Trucking, Inc., and David Horan, Cause No.* CV 43369 (the "State Case").

2.     The State Case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) in that: (1) it is a petition for recovery of damages and the matter

in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, and (2) it is now, and was at the time of its commencement, a dispute between citizens of different states.

3.     The United States District Court for the Eastern District of Texas, Tyler Division, is the federal district in which the District Court for Hawkins County, Texas is located. 28 U.S.C. § 116(a).

4.     The Plaintiff is now, and was at the time of the commencement of the State Case, a citizen of Mexico residing in Hopkins County, Texas.

5.     Defendant HDR Trucking, Inc., is now, and was at the time of the commencement of the State Case, a foreign corporation with its principal placer of offices located in Ontario, Canada, and is licensed and registered as an interstate motor carrier.

6.     Defendant HDR Trucking, Inc.'s principal place of business is 139 Egerton Street, Strathroy, Ontario N7G4J4 Canada.

7.     Defendant David Horan is now, and was at the time of the commencement of the State Case, a citizen of Canada with a primary residence located at 2448 Westminster Boulevard, Windsor, Ontario n8t1y1 Canada.

8.     Diversity exists in this case because the Plaintiff and none of the Defendants are citizens of the same state.

9.     Pursuant to 28 U.S.C. §1446(a), Defendants attach a copy of the docket sheet in the State Case, together with all processes and pleadings received by Defendants in the State Case to date, which consists of the Civil Summons, Petition and Acceptance of Service. The State Case Docket Sheet and Pleadings are attached hereto as **Exhibit A.**

10.     The time for the Defendants to answer or otherwise move with respect to the State Court Petition has not expired and this Notice of Removal is timely filed within 30 days of after service of the State Case Summons and Petition.

11.     WHEREFORE, Defendants hereby give notice that Francisco *Muro v. HDR Trucking, Inc., and David Horan, Hopkins County District Court Cause No*. CV 43369, is removed from the District Court of Hopkins County, Texas to this Court for trial and determination pursuant to FRCP 81(c)(3)(B) and FRCP 38(b)(1).

This the 20th day of July, 2017.


                                                NEUENS     MITCHELL     BONDS

PLLC


                                                By:____/s/ Chad M. Neuens_____
                                                Chad M. Neuens, Esq.
                                                Texas State Bar No. 24049738
                                                E-Mail:cneuens@neuensmitchell.com

                                                Lewis Center Building
                                                2021 S. Lewis Ave., Suite 660
                                                Tulsa, Oklahoma 74104
                                                Telephone: (918) 749-9334
                                                Facsimile: (918) 749-9335

                                                ***ATTORNEY FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon counsel or record this 20th day of July, 2017.

VIA E-Mail: gwade@dzwlaw.com
AND leda@dzwlaw.com

Guy I. Wade, III
Leda Juengerman
Derryberry Zips Wade Lawhorn, pllc
1910 Pacific Avenue, Suite 8055
Dallas, Texas 75201


/s/ Chad M. Neuens, Esq.
Chad M. Neuen

```
CAS101                              DOCKET BOOK REPORT                          PAGE    1

CASE # CV43369                      COURT: 62ND JUDICIAL DISTRICT           07/20/2017
CAUSE: INJURY OR DAMAGE WITH MV
STYLE: MURO,FRANCISCO               VS HDR TRUCKING, INC. &
                                       HORAN,DAVID


                                     PLAINTIFF


NAME                                               ATTORNEY


MURO,FRANCISCO              P                       WADE,GUY I,III
                                                   1910 PACIFIC AVENUE
                                                   SUITE 8055
                                                   DALLAS TEXAS 75201
        -    -                                     214-468-8141



                                     DEFENDANT


NAME                                               ATTORNEY


HDR TRUCKING, INC.         D
139 EGERTON STREET
STRATHROY,ON N7G 4J4


HORAN,DAVID                D
2448 WESTMINSTER BOULEVARD
WINDSOR,ON N8T 1Y1



TRANSACTIONS FOR ALL PARTIES                          /  /     THRU   /  /


07/05/2017              PLTF'S ORIG PET/TK                                    I     8
MURO,FRANCISCO
07/05/2017              CIVIL CASE INFO SHEET/TK                              I     2
MURO,FRANCISCO
07/06/2017              PLTF'S ORIG PET/CIT(2)/EMAILED/TK          304.00-
MURO,FRANCISCO
07/06/2017              PLTF'S ORIG PET/CIT(2)/EMAILED/TK          304.00
MURO,FRANCISCO
07/06/2017              COPY OF CIT ISSUED TO HDR TRUCKING & DAVID HORAN      I     2
MURO,FRANCISCO          /TK
07/20/2017              REQUEST FOR COPY WORK/EMAILED/TK            13.00-
HDR TRUCKING, INC.
07/20/2017              REQUEST FOR COPY WORK/EMAILED/TK            13.00
HDR TRUCKING, INC.
```

A CERTIFIED COPY
ATTEST:
CHERYL FULCHER, DISTRICT CLERK
HOPKINS COUNTY, TEXAS
BY _____ DEPUTY
DATE 7-21-2017

EXHIBIT
A

CV43369

Filed 7/5/2017 2:31 PM
Cheryl Fulcher
District Clerk
Hopkins County, Texas

Tyra Kenemore

CAUSE NO. CV43369

| | | |
|---|---|---|
| FRANCISCO MURO, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | OF HOPKINS COUNTY, TEXAS |
| | § | |
| | § | |
| HDR TRUCKING, INC. AND, | § | |
| DAVID HORAN, | § | |
| | § | |
| *Defendants.* | § | 62nd   JUDICIAL DISTRICT |

## <u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE DISTRICT COURT JUDGE:

Plaintiff, FRANCISCO MURO ("Plaintiff") files this Plaintiff's Original Petition against

HDR Trucking, Inc. and David Horan ("Defendants"), and in support respectfully shows the Court

and jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiff intends for this lawsuit to be controlled by Discovery Control Plan Level

2, Texas Rule of Civil Procedure 190.3.

### II.
### PARTIES

2.     Plaintiff Francisco Muro is a citizen of Mexico residing in Hopkins County, Texas.

3.     Defendant, HDR Trucking, Inc. ("HDR") is a foreign corporation with its principal

offices located in Ontario, Canada, and is licensed and registered as an interstate motor carrier.

Defendant HDR engaged in business in the State of Texas by allowing its employee, agent or

servant to operate a commercial vehicle on the roads and highways of the State of Texas and in so

doing he was involved in the incident described in detail below in Hopkins County, Texas on August 2, 2015. *See* TEX. CIV. PRAC. & REM. CODE §§ 17.041 & 17.042(2). HDR's principal place of business is 139 Egerton Street, Strathroy, Ontario N7G 4J4 Canada. HDR will be served with process herein by delivering citation and a copy of this action to HDR in the manner required by the Hague Convention on Service Abroad of Documents in Civil Matters.

3.     Defendant David Horan is a nonresident of the State of Texas who, at all relevant times, resided at 2448 Westminster Boulevard, Windsor, Ontario n8t1y1 Canada. Horan will be served with process herein by delivering citation and a copy of this action to him in the manner required by the Hague Convention on Service Abroad of Documents in Civil Matters.

### III.
### JURISDICTION AND VENUE

4.     Jurisdiction is proper in this court because the amount in controversy exceeds the minimum jurisdictional limits of this court. While the amount of damages to be awarded will be a decision made by a jury of Plaintiff's peers, to comply with T.R.C.P. 47, as revised, Plaintiff states that he is seeking damages pursuant to Rule 47(c)(4).

5.     Venue is proper in Hopkins County, Texas, pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Hopkins County, Texas.

### IV.
### FACTS

6.     On August 2, 2015, Plaintiff was carefully and prudently operating a vehicle traveling in the right hand eastbound lane of I-30 in Cumby, Hopkins County, Texas. Defendant Horan was operating a 2014 Volvo Tractor pulling a trailer (the "Tractor-Trailer rig") and was traveling in the left hand westbound lane of I-30 in Cumby, Hopkins County, Texas. Suddenly

PLAINTIFF'S ORIGINAL PETITION - PAGE 2 OF 8

and inexplicably, a tire broke away from the Tractor-Trailer rig, rolled across the median of the highway at a high rate of speed and smashed into the hood and windshield of Plaintiff's vehicle, tearing the hood and front bumper off Plaintiff's vehicle and smashing the sunroof of the vehicle. The impact of the tire with Plaintiff's vehicle caused an immediate jolt with enough force to alter the trajectory of Plaintiff's vehicle.  Plaintiff eventually successfully brought his vehicle to a stop in the middle of the highway.

7.      Plaintiff ducked to the right side when he saw the tire about to make impact.  When he did so, due to the jolt to his vehicle caused by the tire, his head hit the gear shift of his vehicle. The impact of the tire with Plaintiff's vehicle caused serious bodily injuries to Plaintiff's neck and back.  In addition, Plaintiff has suffered from chronic headaches since the date of the wreck.

8.      Defendant Horan was, at all times relevant hereto, the employee/permissive operator/statutory employee of Defendant HDR of the Tractor Trailer rig he was operating on the date of the wreck.  Specifically, at all material times relevant to this wreck, Defendant Horan was a permissive user of the Tractor Trailer rig owned or leased by Defendant HDR.  Horan's and/or HDR's failure to ensure that the tires of the Tractor-Trailer rig were properly secured and/or operating the Tractor-Trailer rig in a manner which caused the tire to come off and roll across the highway, caused, in whole or in part, Plaintiff's injuries and damages.

9.      At all relevant times, Plaintiff Muro was acting in a safe manner as the driver of his vehicle and was properly restrained in the front, driver's seat of that vehicle.

10.     As a result of the force and impact of the collision with the tire which came off the Tractor-Trailer rig operated by Defendant Horan and owned or leased by Defendant HDR, Plaintiff sustained severe and debilitating injuries to his neck and back for which he has received, and is currently receiving medical treatment.

PLAINTIFF'S ORIGINAL PETITION - PAGE 3 OF 8

# V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Negligence of Defendants Horan and HDR*

11.     Plaintiff hereby incorporates paragraphs 6 through 10 as if fully set forth herein.

12.     At the time and place in question, Defendant Horan, as well as Defendant HDR, by and through Horan, its employee or agent, was guilty of negligence in the following particulars:

(a)     Failing to take reasonable precautions to prevent a tire from coming off the Tractor-Trailer rig while being driven on public highways;

(b)     Failing to comply with the regulations contained in the Federal Motor Carrier Safety Regulations ("FMCSR"), including C.F.R. § 393.205(c) et. seq.;

(c)     Operating the Tractor-Trailer rig in a manner which would cause the tire to become detached from the rig; and,

(d)     Failing to take appropriate action to ensure that the tires of the Tractor-Trailer rig would not come off while the rig was in operation on public highways such as a reasonably prudent commercial vehicle operator would have done under the same or similar circumstances.

12.     Plaintiff would show that each of the foregoing acts and/or omissions constituted negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the incident in question, and the serious, debilitating injuries, harms and losses sustained by Plaintiff.

### Negligence of Defendant HDR

13.     Defendant HDR had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein.

14.     Plaintiff would show that HDR's omissions or acts through its employees, or agents, as set forth herein and otherwise, constitute negligence, each and all of which were a

proximate cause of the incident in question and Plaintiff's resulting injuries, harms and losses.

These acts and/omissions include but are not limited to the following:

(a)  Failing to develop and implement policies and procedures relating to the safe use of company vehicles by employee drivers or permissive drivers or hired hands over whom it exercised control;

(b)  Failing to adequately and/or properly train and supervise its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control in compliance with the FMCSR;

(c)  Failing to ensure that its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control had the requisite amount of experience to operate a company vehicle;

(d)  Failing to adequately manage, direct, and/or supervise its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control;

(e)  Failing to exercise reasonable care in the supervision of its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control;

(f)  Failing to reasonably exercise the supervisory right of its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control;

(g)  Failing to ensure a competent, adequately trained and experienced employee driver and/or permissive driver and/or hired hand over whom it exercised control, was operating the subject company vehicle prior to and on the date of the wreck;

(h)  Failing to ensure a competent supervisor or other worker was assigned and was working at all times to safely monitor its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control, to ensure that such persons could safely operate company vehicles pursuant to the FMCSR; and,

(i)  Failing to ensure that its agents, servants, employees drivers, permissive drivers and/or hired hands over whom it exercised control could properly and safely operate company vehicles on the date of the wreck pursuant to the FMCSR.

15.   Plaintiff would show that each of the foregoing acts and/or omissions constituted negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the injury in question, and the serious, debilitating injuries, harms and losses sustained by Plaintiff.

PLAINTIFF'S ORIGINAL PETITION - PAGE 5 OF 8

# VI.
## OTHER PLEAS

### *Statutory Employee*

16.     At all times material to this cause of action, Horan was for all purposes a statutory employee of HDR as contemplated by both the FMCSR and Texas statute.  An employer, as defined by FMCSR, "means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business..." 49 C.F.R. § 390.5 (1997).  Texas has incorporated, by reference, Parts 382, 385, 386, 390-393, and 395-397 of the Federal Motor Carrier Safety Regulations.  *See* 37 Tex. Admin. Code § 3.62(a) (1996) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Parts 382, 385, 386, 390-393, and 395-397 including amendments and interpretations thereto."  HDR is therefore vicariously liable for the negligent actions of Horan.

### *Respondeat Superior/Agency*

17.     During the time frame for the wreck and the events/circumstances that led to the wreck, as well as all other material times, Defendant Horan was the employee or agent/representative of Defendant HDR.  At all material times and when the wreck occurred, Defendant Horan was acting within the course and scope of his employment with Defendant HDR or within the scope of his agency for Defendant HDR.

18.     At all material times and when the wreck occurred, Defendant Horan was engaged in the furtherance of Defendant HDR's business.

19.   At all material times and when the wreck occurred, Defendant Horan was engaged in accomplishing a task for which he was employed or retained as an agent/representative of Defendant HDR.

20.   Plaintiff Muro invokes the doctrines of RESPONDEAT SUPERIOR and AGENCY against Defendant HDR, who has vicarious liability for all of Defendant Horan's conduct related to or arising out of the Tractor-Trailer rig involved in the August 2, 2015 incident at issue in this case.

## VII.
## DAMAGES

21.   Plaintiff Muro suffered serious injuries when suddenly and unexpectedly a tire came off the Tractor-Trailer rig operated by Defendant Horan and owned or leased by Defendant HDR, careened across the highway, smashed into Plaintiff's vehicle at a high rate of speed and caused the violent wreck.  As a result of this wreck, Plaintiff sustained injuries, harms and losses which include, but are not limited to:  physical pain and mental anguish sustained in the past and that, in reasonable probability, will be sustained in the future; physical impairment sustained in the past and that, in reasonable probability, will be sustained in the future; and, medical care expenses in the past and that, in reasonable probability, will be sustained in the future.  The foregoing harms and losses were proximately caused by Defendants.  Accordingly, Plaintiff brings this suit for just, reasonable and adequate compensation against Defendants.

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff have a judgment against Defendants, for all damages described above and in the full amounts allowed by law, as well as the following:

a.   A judgment in excess of the jurisdictional limits of this Court;

PLAINTIFF'S ORIGINAL PETITION - PAGE 7 OF 8

b.    pre-judgment interest;

c.    post-judgment interest;

d.    court costs and expenses; and

e.    all such other relief, whether at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

                    Respectfully submitted,

                    **DERRYBERRY ZIPS WADE LAWHORN, PLLC**
                    1910 Pacific Avenue, Suite 8055
                    Dallas, Texas 75201
                    (214) 468-8141
                    (214) 468-8144 Facsimile


                     /s/ Guy I. Wade, III
                    **GUY I. WADE, III**
                    State Bar No. 20632500
                    gwade@dzwlaw.com
                    **LEDA JUENGERMAN**
                    State Bar No. 24103578
                    leda@dzwlaw.com

                    **ATTORNEYS FOR PLAINTIFF**
                    **FRANCISCO MURO**

CAUSE NO.          CV43369

THE STATE OF TEXAS:                    ATTORNEY FOR PLAINTIFF OR DEFENDANT:

CHERYL FULCHER - DISTRICT CLERK        GUY I WADE III
118 MAIN STREET                        1910 PACIFIC AVENUE
SULPHUR SPRINGS, TEXAS 75482           SUITE 8055
                                       DALLAS TEXAS 75201

        C I T A T I O N   F O R   P E R S O N A L   S E R V I C E

    TO: HORAN,DAVID
        2448 WESTMINSTER BOULEVARD
        WINDSOR,ON N8T 1Y1

    DEFENDANT:

    You are hereby commanded to appear before the 62ND JUDICIAL DISTRICT
    Court of Hopkins County,Texas, to be held at the  courthouse of
    said County in the  City of Sulphur Springs, Hopkins County, Texas,
    by filing a written answer to the  petition of  plaintiff's on or
    before 10 clock A.M. of the  Monday next after the expiration of
    20 days after the date of  service hereof, a copy of which  accompanies
    this citation, in Cause No.      CV43369.

    MURO,FRANCISCO                         HDR TRUCKING, INC. &
                                  VS       HORAN,DAVID

    Filed in said Court on   5th  day of July       , 2017  .

    NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.
    If you or your attorney do not file a written answer with the  clerk
    who issued this citation by 10:00 A.M. on the  Monday next following
    the  expiration of  twenty days  after you were served this citation
    and petition, a default judgment may be taken against you.

    WITNESS, CHERYL FULCHER , DISTRICT CLERK OF THE DISTRICT COURT OF
    HOPKINS COUNTY, TEXAS.

    Issued and given under my hand  and seal of said  Court at office,
    this the  6th day of July    A.D., 2017 .

                            CHERYL FULCHER - DISTRICT CLERK
                            HOPKINS COUNTY, TEXAS

                            _____ Deputy

_____
                    OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of_____, _____.

Executed at (address) _____in _____County

at _____ o'clock __.M. on the _____ day of _____, _____, by

delivering to the within named _____, in

person, a true copy of this  citation together with the accompanying copy of

of the petition, having first attached  such copy of such  petition to such

copy of citation and endorsed on such copy of citation the date of delivery.

TOTAL SERVICE FEE $ _____      _____

                                   _____Sheriff/Const/PPS
                                   _____County, Texas

                                   BY_____
                                     Sheriff/Deputy/Const/PPS

CAUSE NO.                CV43369

THE STATE OF TEXAS:                          ATTORNEY FOR PLAINTIFF OR DEFENDANT:

CHERYL FULCHER  - DISTRICT CLERK            GUY I WADE III
118 MAIN STREET                             1910 PACIFIC AVENUE
SULPHUR SPRINGS, TEXAS 75482                SUITE 8055
                                            DALLAS TEXAS 75201

         C I T A T I O N    F O R    P E R S O N A L    S E R V I C E

    TO: HDR TRUCKING, INC.
        139 EGERTON STREET
        STRATHROY,ON N7G 4J4

    DEFENDANT:

    You are hereby commanded to appear before the 62ND JUDICIAL DISTRICT
    Court of Hopkins County,Texas, to be held at the  courthouse of
    said County in the  City of Sulphur Springs, Hopkins County, Texas,
    by filing a written answer to the  petition of  plaintiff's on or
    before 10 clock A.M. of the  Monday next after the expiration of
    20 days after the date of  service hereof, a copy of which  accompanies
    this citation, in Cause No.       CV43369.

    MURO,FRANCISCO                           HDR TRUCKING, INC. &
                                    VS       HORAN,DAVID

    Filed in said Court on   5th  day of July        , 2017  .

    NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.
    If you or your attorney do not file a written answer with the  clerk
    who issued this citation by 10:00 A.M. on the  Monday next following
    the  expiration of  twenty days  after you were served this citation
    and petition, a default judgment may be taken against you.

    WITNESS,  CHERYL FULCHER ,  DISTRICT CLERK  OF THE DISTRICT COURT OF
    HOPKINS COUNTY, TEXAS.

    Issued  and given under my hand  and seal of said   Court at office,
    this the   6th  day of July       A.D.,  2017 .

                                    CHERYL FULCHER  - DISTRICT CLERK
                                    HOPKINS COUNTY, TEXAS

                                    Traci Kenemore                  Deputy

────────────────────────────────────────────────────────────────────────
                   OFFICER/AUTHORIZED PERSON RETURN
Came to hand at _____o'clock __.M., on the _____day of_____, _____.
Executed at (address) _____in _____County
at _____ o'clock __.M.  on the  _____ day of _____, _____,  by
delivering to the within named _____, in
person, a true copy of this  citation together with the accompanying copy of
of the petition, having first attached  such copy of such  petition  to such
copy of citation and endorsed on such copy of citation the date of delivery.
TOTAL SERVICE FEE $ _____     _____

                                  _____
                                    Sheriff/Const/PPS
                                  _____County, Texas
                                  BY_____
                                    Sheriff/Deputy/Const/PPS