CV43369

Filed 7/5/2017 2:31 PM
Cheryl Fulcher
District Clerk
Hopkins County, Texas

Tyra Kenemore

CAUSE NO. CV43369

| | | |
|---|---|---|
| FRANCISCO MURO, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | OF HOPKINS COUNTY, TEXAS |
| | § | |
| | § | |
| HDR TRUCKING, INC. AND, | § | |
| DAVID HORAN, | § | |
| | § | |
| *Defendants.* | § | 62nd   JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE DISTRICT COURT JUDGE:

Plaintiff, FRANCISCO MURO ("Plaintiff") files this Plaintiff's Original Petition against HDR Trucking, Inc. and David Horan ("Defendants"), and in support respectfully shows the Court and jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1.       Plaintiff intends for this lawsuit to be controlled by Discovery Control Plan Level 2, Texas Rule of Civil Procedure 190.3.

### II.
### PARTIES

2.       Plaintiff Francisco Muro is a citizen of Mexico residing in Hopkins County, Texas.

3.       Defendant, HDR Trucking, Inc. ("HDR") is a foreign corporation with its principal offices located in Ontario, Canada, and is licensed and registered as an interstate motor carrier. Defendant HDR engaged in business in the State of Texas by allowing its employee, agent or servant to operate a commercial vehicle on the roads and highways of the State of Texas and in so

PLAINTIFF'S ORIGINAL PETITION - PAGE 1 OF 8

doing he was involved in the incident described in detail below in Hopkins County, Texas on August 2, 2015.  *See* TEX. CIV. PRAC. & REM. CODE §§ 17.041 & 17.042(2).  HDR's principal place of business is 139 Egerton Street, Strathroy, Ontario N7G 4J4 Canada.  HDR will be served with process herein by delivering citation and a copy of this action to HDR in the manner required by the Hague Convention on Service Abroad of Documents in Civil Matters.

3.    Defendant David Horan is a nonresident of the State of Texas who, at all relevant times, resided at 2448 Westminster Boulevard, Windsor, Ontario n8t1y1 Canada.  Horan will be served with process herein by delivering citation and a copy of this action to him in the manner required by the Hague Convention on Service Abroad of Documents in Civil Matters.

## III.
## JURISDICTION AND VENUE

4.    Jurisdiction is proper in this court because the amount in controversy exceeds the minimum jurisdictional limits of this court.  While the amount of damages to be awarded will be a decision made by a jury of Plaintiff's peers, to comply with T.R.C.P. 47, as revised, Plaintiff states that he is seeking damages pursuant to Rule 47(c)(4).

5.    Venue is proper in Hopkins County, Texas, pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Hopkins County, Texas.

## IV.
## FACTS

6.    On August 2, 2015, Plaintiff was carefully and prudently operating a vehicle traveling in the right hand eastbound lane of I-30 in Cumby, Hopkins County, Texas.  Defendant Horan was operating a 2014 Volvo Tractor pulling a trailer (the "Tractor-Trailer rig") and was traveling in the left hand westbound lane of I-30 in Cumby, Hopkins County, Texas.  Suddenly

and inexplicably, a tire broke away from the Tractor-Trailer rig, rolled across the median of the highway at a high rate of speed and smashed into the hood and windshield of Plaintiff's vehicle, tearing the hood and front bumper off Plaintiff's vehicle and smashing the sunroof of the vehicle. The impact of the tire with Plaintiff's vehicle caused an immediate jolt with enough force to alter the trajectory of Plaintiff's vehicle.  Plaintiff eventually successfully brought his vehicle to a stop in the middle of the highway.

7.     Plaintiff ducked to the right side when he saw the tire about to make impact.  When he did so, due to the jolt to his vehicle caused by the tire, his head hit the gear shift of his vehicle. The impact of the tire with Plaintiff's vehicle caused serious bodily injuries to Plaintiff's neck and back.  In addition, Plaintiff has suffered from chronic headaches since the date of the wreck.

8.     Defendant Horan was, at all times relevant hereto, the employee/permissive operator/statutory employee of Defendant HDR of the Tractor Trailer rig he was operating on the date of the wreck.  Specifically, at all material times relevant to this wreck, Defendant Horan was a permissive user of the Tractor Trailer rig owned or leased by Defendant HDR.  Horan's and/or HDR's failure to ensure that the tires of the Tractor-Trailer rig were properly secured and/or operating the Tractor-Trailer rig in a manner which caused the tire to come off and roll across the highway, caused, in whole or in part, Plaintiff's injuries and damages.

9.     At all relevant times, Plaintiff Muro was acting in a safe manner as the driver of his vehicle and was properly restrained in the front, driver's seat of that vehicle.

10.    As a result of the force and impact of the collision with the tire which came off the Tractor-Trailer rig operated by Defendant Horan and owned or leased by Defendant HDR, Plaintiff sustained severe and debilitating injuries to his neck and back for which he has received, and is currently receiving medical treatment.

# V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Negligence of Defendants Horan and HDR*

11.     Plaintiff hereby incorporates paragraphs 6 through 10 as if fully set forth herein.

12.     At the time and place in question, Defendant Horan, as well as Defendant HDR, by and through Horan, its employee or agent, was guilty of negligence in the following particulars:

(a)     Failing to take reasonable precautions to prevent a tire from coming off the Tractor-Trailer rig while being driven on public highways;

(b)     Failing to comply with the regulations contained in the Federal Motor Carrier Safety Regulations ("FMCSR"), including C.F.R. § 393.205(c) et. seq.;

(c)     Operating the Tractor-Trailer rig in a manner which would cause the tire to become detached from the rig; and,

(d)     Failing to take appropriate action to ensure that the tires of the Tractor-Trailer rig would not come off while the rig was in operation on public highways such as a reasonably prudent commercial vehicle operator would have done under the same or similar circumstances.

12.     Plaintiff would show that each of the foregoing acts and/or omissions constituted negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the incident in question, and the serious, debilitating injuries, harms and losses sustained by Plaintiff.

### *Negligence of Defendant HDR*

13.     Defendant HDR had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein.

14.     Plaintiff would show that HDR's omissions or acts through its employees, or agents, as set forth herein and otherwise, constitute negligence, each and all of which were a

proximate cause of the incident in question and Plaintiff's resulting injuries, harms and losses.

These acts and/omissions include but are not limited to the following:

(a)    Failing to develop and implement policies and procedures relating to the safe use of company vehicles by employee drivers or permissive drivers or hired hands over whom it exercised control;

(b)    Failing to adequately and/or properly train and supervise its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control in compliance with the FMCSR;

(c)    Failing to ensure that its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control had the requisite amount of experience to operate a company vehicle;

(d)    Failing to adequately manage, direct, and/or supervise its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control;

(e)    Failing to exercise reasonable care in the supervision of its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control;

(f)    Failing to reasonably exercise the supervisory right of its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control;

(g)    Failing to ensure a competent, adequately trained and experienced employee driver and/or permissive driver and/or hired hand over whom it exercised control, was operating the subject company vehicle prior to and on the date of the wreck;

(h)    Failing to ensure a competent supervisor or other worker was assigned and was working at all times to safely monitor its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control, to ensure that such persons could safely operate company vehicles pursuant to the FMCSR; and,

(i)    Failing to ensure that its agents, servants, employees drivers, permissive drivers and/or hired hands over whom it exercised control could properly and safely operate company vehicles on the date of the wreck pursuant to the FMCSR.

15.    Plaintiff would show that each of the foregoing acts and/or omissions constituted negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the injury in question, and the serious, debilitating injuries, harms and losses sustained by Plaintiff.

# VI.
## OTHER PLEAS

### *Statutory Employee*

16.     At all times material to this cause of action, Horan was for all purposes a statutory employee of HDR as contemplated by both the FMCSR and Texas statute.  An employer, as defined by FMCSR, "means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business…" 49 C.F.R. § 390.5 (1997).  Texas has incorporated, by reference, Parts 382, 385, 386, 390-393, and 395-397 of the Federal Motor Carrier Safety Regulations.  *See* 37 Tex. Admin. Code § 3.62(a) (1996) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Parts 382, 385, 386, 390-393, and 395-397 including amendments and interpretations thereto."  HDR is therefore vicariously liable for the negligent actions of Horan.

### *Respondeat Superior/Agency*

17.     During the time frame for the wreck and the events/circumstances that led to the wreck, as well as all other material times, Defendant Horan was the employee or agent/representative of Defendant HDR.  At all material times and when the wreck occurred, Defendant Horan was acting within the course and scope of his employment with Defendant HDR or within the scope of his agency for Defendant HDR.

18.     At all material times and when the wreck occurred, Defendant Horan was engaged in the furtherance of Defendant HDR's business.

19.     At all material times and when the wreck occurred, Defendant Horan was engaged in accomplishing a task for which he was employed or retained as an agent/representative of Defendant HDR.

20.     Plaintiff Muro invokes the doctrines of RESPONDEAT SUPERIOR and AGENCY against Defendant HDR, who has vicarious liability for all of Defendant Horan's conduct related to or arising out of the Tractor-Trailer rig involved in the August 2, 2015 incident at issue in this case.

## VII.
## DAMAGES

21.     Plaintiff Muro suffered serious injuries when suddenly and unexpectedly a tire came off the Tractor-Trailer rig operated by Defendant Horan and owned or leased by Defendant HDR, careened across the highway, smashed into Plaintiff's vehicle at a high rate of speed and caused the violent wreck.  As a result of this wreck, Plaintiff sustained injuries, harms and losses which include, but are not limited to:  physical pain and mental anguish sustained in the past and that, in reasonable probability, will be sustained in the future; physical impairment sustained in the past and that, in reasonable probability, will be sustained in the future; and, medical care expenses in the past and that, in reasonable probability, will be sustained in the future.  The foregoing harms and losses were proximately caused by Defendants.  Accordingly, Plaintiff brings this suit for just, reasonable and adequate compensation against Defendants.

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff have a judgment against Defendants, for all damages described above and in the full amounts allowed by law, as well as the following:

a.     A judgment in excess of the jurisdictional limits of this Court;

PLAINTIFF'S ORIGINAL PETITION - PAGE 7 OF 8

b.      pre-judgment interest;

c.      post-judgment interest;

d.      court costs and expenses; and

e.      all such other relief, whether at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**DERRYBERRY ZIPS WADE LAWHORN, PLLC**
1910 Pacific Avenue, Suite 8055
Dallas, Texas 75201
(214) 468-8141
(214) 468-8144 Facsimile

 /s/ Guy I. Wade, III
**GUY I. WADE, III**
State Bar No. 20632500
gwade@dzwlaw.com
**LEDA JUENGERMAN**
State Bar No. 24103578
leda@dzwlaw.com

**ATTORNEYS FOR PLAINTIFF**
**FRANCISCO MURO**